

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
United States of America

                                                  Hon. Hugh B. Scott

v.

                                                  09-CR-331-A

MATTHEW DEYNES                               Memorandum & Order
                    Defendant.

---

      The Defendant seeks reconsideration of an order of detention entered by Magistrate Judge H. Kenneth Schroeder relating to a predecessor indictment wherein he was charged with conspiracy to distribute 5 kilograms or more of cocaine. In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing was held, and the defendant was thereupon detained. The defendant now seeks reconsideration of the defendant's detention based upon the fact that Magistrate Judge Schroeder gave weight to the fact that the defendant was charged before him with weapons possession, and the he had previously been charged with a number of matters which alleged possession, a violent felony. Mr. Deynes now argues that the criminal complaint charging weapons possession was dismissed on motion by the Government, and the superceding indictment 09-CR-331A charges him with a racketeering violation and drug distribution, not naming Deynes in Counts in the Superceding Indictment that charge violence.

### Charges Against Defendant

      In summary, the defendant among many others is charged by way of an indictment with participation in a violent street gang known as the 10th Street Gang, operating since the1980s. This defendant is accused of participation in the gang and its activities of a RICO conspiracy, and conspiracy to distribute 5 kilograms or more of cocaine, 50 grams or more of crack and marijuana from 2004 through 2010. The government is benefitted by a rebuttable presumption of detention pursuant to 18 United States Code, Section 3142 (e).

### Discussion

      Pursuant to 18 U.S.C.§3142(g), the factors to be considered in the determination of a detention motion are:

        (1)     the nature and circumstances of the offense charged:

        (2)     the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or defendant, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## Findings & Conclusions

The court found after the initial detention hearing held in this matter that the government had met its burden of showing the defendant's risk of danger by clear and convincing proof, and a risk if flight, by the preponderance of the proof. This court cannot ignore the defendant's alleged ties and his role in the 10th Street Gang, his overall criminal history, the circumstances of the offenses charged, and upon the period of incarceration he faces if convicted.

Upon the hearing for reconsideration of detention hearing held before this Court on December 22, 2010, the arguments and post hearing submittals by the government and the defense, and after weighing all of the factors set forth in 18 U.S.C.§ 3142(g), the Court finds that detention is warranted based upon the following findings:

1. The Pretrial Services Report dated February 11, 2010 submitted by Zenaida M. Piottrowicz, Pretrial Services Officer for the Western District of New York is hereby incorporated into the record.

2. The defendant has strong ties to the 10th Street Gang.

3. The strength of the Government's case and the alleged role this defendant played in drug trafficking and as a participant in the alleged RICO conspiracy.

4. The defendant has a substance abuse history.

5. The defendant has had multiple arrests while on probation supervision, revocation of supervision. .

6. The nature of the offenses charged

The court has completely taken account the defense proffer which certainly puts the defendant's best case for release before this court. Even as weapons charges are disregarded, the court cannot find the government's presumption of detention rebutted.

Therefore, the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure against the risk of danger.

The motion for reconsideration is denied.

For the reasons stated above, it is hereby ordered that the defendant be detained pending trial of the charges against him.

It is further ordered that pursuant to 18 U.S.C.§ 3142(i): (1) the defendant shall be committed to the custody of the United States Attorney General, or his designated representative, for confinement pending trial in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; (2) that the defendant be afforded reasonable opportunity for private consultation with counsel; and (3) that, on order of a court of the

United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshall for the purpose of an appearance in connection with these court proceedings.

So Ordered. _____
HON. HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

Buffalo, New York
February 21, 2011